IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN P. DURBIN and
DANA L. DURBIN, his wife

    Plaintiffs,

v.                                      Civil Action No. 5:07CV115
                                                              (STAMP)
BALL CORPORATION d/b/a
U.S. CAN CORPORATION,
a corporation,
FRALEY & SCHILLING, INC.,
a corporation and
DORSEY THOMAS, an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION BY FRALEY & SCHILLING, INC. AND
DORSEY THOMAS TO DISMISS PUNITIVE DAMAGES CLAIMS**

    I.   Background

This action arises from injuries that plaintiff Shawn P. Durbin sustained at defendant Ball Corporation's plant in Weirton, West Virginia on or about August 15, 2005, while he was operating a forklift to load a tractor trailer truck driven by defendant Dorsey Thomas and owned by Fraley & Schilling, Inc. According to the plaintiffs, the tractor trailer truck drifted away from the loading dock and caused the forklift to roll forward on Shawn Durbin's foot.

The plaintiffs filed suit against the following defendants in West Virginia state court: Ball Corporation ("Ball"), Shawn Durbin's employer; Fraley & Schilling, Inc. ("F&S"), the owner of the tractor trailer truck; and Dorsey Thomas ("Thomas")(now

deceased), the driver of the tractor trailer truck. The plaintiffs' complaint asserts claims for negligence, respondeat superior negligence, and deliberate intent. Shawn Durbin alleges that as a result of the incident, he has suffered loss of income and severe and permanent mental and physical injuries. Dana Durbin, Shawn Durbin's wife, alleges that the injuries her husband sustained from the incident have deprived her of his consortium and services. The plaintiffs seek compensatory and punitive damages.

This action was later removed to federal court. Following removal, F&S and Thomas filed a motion to dismiss claims for punitive damages. The plaintiffs filed a response to which F&S and Thomas filed no reply. This motion has been fully briefed and is now ripe for disposition. For the reasons set forth below, the motion will be denied.

## II. Legal Standard

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969));

see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law. 5A Wright & Miller, supra § 1357, at 344-45.

III. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants F&S and Thomas move to dismiss the claims for punitive damages raised by the plaintiffs in their complaint. F&S and Thomas argue that the plaintiffs have failed to state a claim for punitive damages because the complaint does not allege wrongful acts rising to the requisite level of willful, wonton, or malicious conduct by F&S and Thomas. The plaintiffs contend, on the other hand, that dismissal of the punitive damages claim on the pleadings would be premature.

Under the Federal Rules of Civil Procedure, the purpose of a pleading is simply to provide the defendant with notice of the action against him. See Fed. R. Civ. P. 8. Plaintiffs are simply required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. Claims for punitive damages are not required to be pled with specificity. See id.; Fed. R. Civ. P. 9(b); 5A Wright & Miller, Federal Practice and Procedure § 1301 ("[w]hen the malice of a person is in issue, a general averment will suffice, even when it is an element of the plaintiff's cause of action or of his claim for punitive damages."). Rather, claims for punitive damages must not be dismissed unless "it is beyond doubt that the plaintiff could prove no set of facts" entitling him to such relief. Norris v. Detrick, 918 F. Supp 977 (N.D. W. Va. 1996).

Under the notice pleading standard of the Federal Rules of Civil Procedure, "a complaint meets Rule 8's requirements if, in the light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Additionally, a plaintiff need not use the words "willful, wanton or malicious" in the complaint as long as the facts alleged in the complaint are sufficient to demonstrate that the wrong complained of may have been attended by the type of aggravated conduct necessary for punitive recovery. See O'Brien v. Snodgrass, 16 S.E.2d 621 (1941); Ilosky v. Michelin Tire Corp., 307 S.E.2d 603 (W. Va. 1983). In this case, construing the allegations in a light most favorable to the plaintiffs, this Court cannot conclude on the pleadings that the plaintiffs can prove no set of facts entitling them to punitive damages. Accordingly, the motion by F&S and Thomas to dismiss the punitive damages claims must be denied.

## IV. Conclusion

For the foregoing reasons, the motion by defendants Fraley & Schilling, Inc. and Dorsey Thomas to dismiss the plaintiffs' claims for punitive damages is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     July 3, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE